UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dan Taylor, Jr.,                                        Case No. 1:18-cv-231

                     Petitioner,


          v.                                           MEMORANDUM OPINION
                                                            AND ORDER

Ed Sheldon, Warden,

                     Respondent.


## I.    INTRODUCTION

Petitioner Dan Taylor, Jr. filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §

2254, concerning his conviction on charges of domestic violence and felonious assault in the

Richland County, Ohio Court of Common Pleas.  (Doc. No. 1).  Magistrate Judge James R. Knepp,

II reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and

recommends I dismiss the petition.  (Doc. No. 8).  Taylor filed objections to Judge Knepp's Report

and Recommendation.  (Doc. No. 9).  Respondent filed a response to Taylor's objections.  (Doc.

No. 10).  For the reasons stated below, I overrule Taylor's objections and adopt Judge Knepp's

Report and Recommendation.

## II.    BACKGROUND

On February 12, 2016, a jury found Taylor guilty of two counts of domestic violence and

one count of felonious assault.  The trial court subsequently sentenced Taylor to a total of eleven

years in prison and three years mandatory post-release control.  (Doc. No. 5-1 at 38).

Taylor does not object to Judge Knepp's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 8 at 2-8).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Taylor presents the following grounds for relief:

**GROUND ONE**: Petitioner was denied "the right of access to claim and the courts" when the Ohio Supreme Court Clerk's office failed to timely file his Memorandum Asking for Jurisdiction; Violating his Fourteenth Amendment of the United States Constitution.

**GROUND TWO**: Petitioner was denied "effective assistance" of counsel . . . guaranteed by the Sixth Amendment of the United States Constitution when counsel [neglected] to use any errors that could be found in trial record which were stronger th[a]n the ones presented on direct appeal, and deliberately falsifying information to give his client an unfair outcome.

**GROUND THREE**: Petitioner['s] Sixth Amendment right to the United States Constitution were violated when appellate counsel [neglected] to inspect the legality of the proper procedure of charging a criminal defendant with domestic violence and felonious assault with in the Rule 16 Discovery.

**GROUND FOUR**: Petitioner['s] Sixth Amendment of the United States Constitution was violated when appellate counsel did not address the state prosecutor['s] violation of his client's First Amendment right when questioned on his religion and oath taking.

**GROUND FIVE**: Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution when counsel failed to raise the due process violation of excessive bail and cruel and unusual punishment that's guaranteed by the Eighth Amendment of the United States Constitution which can be found in the trial record and preliminary hearing.

(Doc. No. 1 at 5-9; Doc. No. 1-1 at 24).

## A.     GROUND ONE

In Ground One, Taylor claims his Fourteenth Amendment rights were violated when the Office of the Clerk of the Supreme Court of Ohio failed to file Taylor's memorandum in support of jurisdiction prior to the filing deadline.  Judge Knepp concludes this claim is not cognizable in habeas proceedings because it involves a claim of access to courts and does not challenge Taylor's conviction or sentence.  (Doc. No. 8 at 10-11).  Taylor objects, arguing Ground One is cognizable

because he likely would have prevailed on his underlying constitutional claims if the Supreme Court of Ohio had accepted his memorandum in support of jurisdiction. (Doc. No. 9 at 2).

Habeas corpus is the vehicle for "attacking the very [fact or] duration of [a petitioner's] physical confinement" as being contrary to constitutional or federal law. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). In Ground One, Taylor claims the Ohio Department of Rehabilitation and Correction and the Supreme Court of Ohio violated his constitutional right to access to the courts and therefore he was unable to pursue his constitutional claims attacking his conviction and sentence. (*See* Doc. No. 1 at 5; Doc. No. 9 at 1-2). Ground One therefore does not present a direct challenge to the fact or duration of his conviction and sentence. *See, e.g., Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) ("[A]ny claim by the petitioner that prison officials have interfered or are interfering with his mail is a civil rights claim that is not cognizable on habeas review.")

Therefore, I overrule Taylor's objections and adopt Judge Knepp's recommendation. I dismiss Ground One as non-cognizable in habeas proceedings.

### B.    PROCEDURAL DEFAULT

Judge Knepp recommends I conclude Taylor's claims in Grounds Two through Five are barred by the procedural-default doctrine. (Doc. No. 8 at 14-22).

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Judge Knepp concluded these claims were procedurally defaulted because: (1) Taylor failed to present to the state courts the part of Ground Two regarding the alleged falsification of information by his appellate attorney and (2) Taylor did not file a timely appeal of the appellate court's denial of his Rule 26(B) application. (Doc. No. 8 at 14). Judge Knepp determined Taylor demonstrated cause to excuse his default through proof he had presented his memorandum in support of jurisdiction and his request for postage to mail that memorandum in enough time for his mail to arrive at the Supreme Court of Ohio in time, (*Id.* at 16-17), but cannot demonstrate he suffered actual prejudice as a result because his underlying ineffective assistance of counsel claims lack merit. (*Id.* at 19-22).

Taylor objects to Judge Knepp's recommendations, though his objections primarily consist of a recitation of his earlier arguments. Even if Taylor's objections amount to more than mere disagreement with Judge Knepp's conclusions, they are not persuasive.

In the remainder of Ground Two, Taylor asserts his appellate attorney failed to argue errors in the trial record which were stronger than the ones actually argued on appeal. He specifically identifies those purported errors in Grounds Three through Five, and I will address his claims there.

In Ground Three, Taylor asserts appellate counsel was ineffective in failing to challenge the grand jury process and the prosecution's alleged violation of Ohio Criminal Rule 16, which governs discovery. Taylor's complaints center on the purported failure of the prosecution to provide, and of defense counsel to request, a domestic violence victim packet. (Doc. No. 1-1 at 13-16).

Taylor's arguments are based on a faulty premise. He offers no citation to any Ohio statute or case law which requires a victim of domestic violence to sign a "packet" or to testify before a grand jury before a defendant may be charged or indicted for domestic violence. Taylor fails to substantiate the necessary claim that these purported failures deprived him of a fair trial. *See, e.g., Lorraine v. Coyle,*

291 F.3d 416, 439-43 (6th Cir. 2002). Therefore, appellate counsel was not ineffective in failing to present this claim as an assignment of error. I overrule Taylor's objection.

In Ground Four, Taylor asserts appellate counsel was ineffective in failing to raise a claim of prosecutorial misconduct based upon the prosecution's line of questioning about Taylor's belief and adherence to the Muslim faith. (*See* Doc. No. 5-2 at 412-13).

Ohio Rule of Evidence 610 forbids the presentation of evidence of a witness's religious beliefs "for the purpose of showing that by reason of their nature[,] the witness'[s] credibility is impaired or enhanced." Ohio R. Evid. 610. This was plainly the prosecutor's purpose, as the prosecution immediately followed this line of questioning by stating "[l]et's talk about some other rules you don't like to follow." (Doc. No. 5-2 at 414). Defense counsel failed to object to the prosecutor's misconduct. *See United States v. Acosta*, 924 F.3d 288, 305-06 (6th Cir. 2019).

While the prosecutor's questions were improper, they would not have warranted reversal if appellate counsel had raised them. The comments were isolated, as they spanned only two pages of the trial transcript and did not reoccur after the trial judge interjected to state that Taylor had "taken an adequate oath." (Doc. No. 5-2 at 413). Further, the evidence against Taylor was strong, with significant physical evidence corroborating the statements and testimony of multiple witnesses. *Cristini v. McKee*, 526 F.3d 888, 902 (6th Cir. 2008); *see also Acosta*, 924 F.3d at 307 (Prosecutorial misconduct is not flagrant, and therefore does not mandate reversal, when the misconduct is "outweighed by the strength of the government's evidence."). Therefore, I overrule Taylor's objections to Judge Knepp's recommendation as to Ground Four.

Finally, in Ground Five, Taylor asserts appellate counsel was ineffective in failing to present a due process claim concerning excessive bail. As Judge Knepp noted, however, a defendant's claim to pretrial bail becomes moot once the defendant is convicted. *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982). Taylor did not suffer prejudice because the appellate court could not have ordered Taylor's

release on pretrial bail following his conviction. *See, e.g., United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004); *Wei v. Mackie,* No. 1:15-CV-259, 2018 WL 6729655, at *16 (W.D. Mich. Oct. 9, 2018), report and recommendation adopted, No. 1:15-CV-259, 2018 WL 6257616 (W.D. Mich. Nov. 30, 2018); *Hart v. Davis*, No. 06-CV-14782, 2007 WL 2049511, at *4 (E.D. Mich. July 12, 2007). Therefore, appellate counsel was not ineffective in failing to raise this claim. I overrule Taylor's objections.

Taylor fails to show the results of his state court proceedings would have been different but for his attorney's allegedly-deficient performance. *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Therefore, I conclude he fails to establish cause and prejudice to excuse his procedural default and dismiss Grounds Two through Five as procedurally defaulted.

## V.    CONCLUSION

For the reasons stated above, I overrule Taylor's objections, (Doc. No. 9), to Judge Knepp's Report and Recommendation, (Doc. No. 8), and adopt the Report and Recommendation in full. I dismiss Ground One as non-cognizable and Grounds Two, Three, Four, and Five as procedurally defaulted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge